UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALLISON COLLIER,   )
   )
   Plaintiff,   )
   )   Civil Action No. 2:07cv922-MHT
v.   )
   )   **JURY TRIAL DEMANDED**
UNIVERSAL FIDELITY LP, a foreign   )
limited partnership,   )
   )
   Defendant.   )

## I. COMPLAINT

COMES NOW Plaintiff, by and through her attorney of record, and would show unto the Court as follows:

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. The violations of Plaintiff's rights as alleged herein occurred in Augauga County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

## III. PARTIES

3. Plaintiff is a natural person and is a resident and citizen of Autauga County, the State of Alabama and of the United States.

4. Defendant, Universal Fidelity LP (hereinafter "Universal" of "Defendant") is a foreign limited partnership engaged in the business of collecting debts in this state. The principal

purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the Fair Debt Collections Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

5. Plaintiff restates and reiterates herein all previous paragraphs.

6. Sometime in January, 2007, HSBC Bank Nevada, N.A. (hereinafter, "HSBC") transferred Plaintiff's revolving credit account to National Asset Recovery, Inc. (hereinafter, "National") for collection.

7. On or around January 23, 2007, Plaintiff instructed National to electronically withdraw a payment from her bank account which National completed on February 5, 2007. It was agreed between Plaintiff and HSBC that this electronically drafted payment was full accord and satisfaction for Plaintiff's revolving credit account.

8. On or around May, 2007, Plaintiff received a letter from National dated May 1, 2007, which indicated that Plaintiff's account with National had been settled. In addition, this letter indicated that National was in the process of notifying HSBC to make the appropriate internal accounting adjustments.

9. However, notwithstanding the fact that Plaintiff's account had been settled, Plaintiff received a letter from Defendant dated September 13, 2007, through which Defendant was attempting to collect the sum of $388.24 on this same account.

10. On or around September 18, 2007, Plaintiff sent to Defendant a letter, including an attached copy of National's letter, indicating that this account was settled.

11. On or around September 26, 2007, Plaintiff, through her attorney, mailed and faxed to

Defendant a "cease and desist" letter advising Defendant to refrain from contacting Plaintiff and forward any future communication regarding this account to her attorney.

12. Subsequent to and in violation of the letter mentioned in the foregoing paragraph, Defendant has attempted to contact Plaintiff regarding this alleged debt via telephone on at least four separate occasions.

## V. COUNT ONE - VIOLATIONS OF THE FDCPA

13. Plaintiff restates and reiterates herein all previous paragraphs.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(c) by contacting Plaintiff after she had requested that Defendant cease communication with Plaintiff.

   b. Defendant violated 15 U.S.C. § 1692b(6) by contacting Plaintiff after she had notified Defendant that she was represented by an attorney.

   c. Defendant violated 15 U.S.C. § 1692d(5) by contacting Plaintiff in a harassing manner and using harassing techniques in an attempt to collect the alleged debt.

15. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and for actual damages, statutory damages, and costs and attorney's fees.

## VI. COUNT TWO - NEGLIGENCE

16. Plaintiff restates and reiterates herein all previous paragraphs.

17. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of the Plaintiff.

18. Defendant's negligent acts were purposeful to illegally coerce Plaintiff into paying the

alleged debt.

19. As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

20. As a result of the Defendant's unlawful acts, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

### VII. COUNT THREE - HARASSMENT

21. Plaintiff restates and reiterates herein all previous paragraphs.

22. Defendant's acts, as described herein, were done so negligently and without care or concern for Plaintiff's well being. Defendant's harassing collection tactics created a hostile environment for Plaintiff.

23. Defendant wrongfully exploited Plaintiff in an attempt to coerce her into paying the alleged debt.

24. Defendant's communications to Plaintiff were offensive and harassing.

25. As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

### VIII. COUNT THREE - INVASION OF PRIVACY

26. Defendant's conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

27. As a direct and proximate consequence of Defendant's acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief as against Defendant:

a) Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the Defendant's violations of state common law claims;

b) Actual, compensatory, and punitive damages;

c) Statutory damages pursuant to 15 U.S.C. § 1692k;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and;

e) For such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED

RESPECTFULLY submitted this the 12th day of October, 2007.

K. ANDERSON NELMS
847 So. McDonough Street, Suite 100
Montgomery, AL 36104
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

**THE DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESS:**

Universal Fidelity LP
c/o The Corporation Company
2000 Interstate Park Drive Suite 204
Montgomery, Alabama 36109

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000734
Cashier ID: kalandra
Transaction Date: 10/12/2007
Payer Name: ANDERSON NELMS AND ASSOC LLC
------------------------------------
CIVIL FILING FEE
 For: ANDERSON NELMS AND ASSOC LLC
 Case/Party: D-ALM-2-07-CV-000922-001
 Amount:       $350.00
------------------------------------
CHECK
 Check/Money Order Num: 1215
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

Allison Collier V. Universal
Fidelity LP
```