UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLISON COLLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:07-cv-00922-MHT-CSC |
| | ) **JURY TRIAL DEMANDED** |
| UNIVERSAL FIDELITY LP, a foreign | ) |
| limited partnership, HSBC BANK NEVADA, | ) |
| N.A., a foreign company, and NATIONAL ASSET | ) |
| RECOVERY, INC., a foreign corporation, | ) |
| | ) |
| Defendants. | ) |

### I.  FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, by and through her attorney of record, and would show unto the Court as follows:

### II.  PRELIMINARY STATEMENT

1.  This petition is an action for statutory and actual damages brought by an individual consumer Allison Collier (hereinafter referred to as "Plaintiff") against Defendants, both jointly and severally, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter referred to as "FDCPA"), to obtain injunctive and declaratory relief.  In addition, this petition seeks statutory and actual damages under the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1 *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

### III. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.  The violations of Plaintiff's rights as alleged herein occurred in Autauga County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

## IV.  PARTIES

4.  Plaintiff is a natural person and is a resident and citizen of Autauga County, the State of Alabama, and of the United States.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

5.  Defendant UNIVERSAL FIDELITY LP (hereinafter, "UNIVERSAL" or "Defendant") is a foreign limited partnership engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where UNIVERSAL regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

6.  Defendant HSBC BANK NEVADA, N.A. (hereinafter, "HSBC" or "Defendant") is a foreign company or professional organization, a better denomination of which is unknown to Plaintiff at the present time, engaged in the business of furnishing consumers with credit in the State of Alabama.

7.  Defendant NATIONAL ASSET RECOVERY, INC. (hereinafter, "NATIONAL" or "Defendant") is a foreign corporation engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where NATIONAL regularly

collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

## V.  FACTUAL ALLEGATIONS

8.  Plaintiff restates and reiterates herein all previous paragraphs.

9.  Sometime prior to January, 2007, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a HSBC / Parisians (hereinafter referred to as "HSBC") credit card in the amount of $795.28, which was allegedly used by Plaintiff to make personal purchases of clothing-related items.

10.  Subsequently, the alleged debt was consigned, placed or otherwise transferred to NATIONAL for collection from Plaintiff.

11.  On or around January, 23, 2007, Plaintiff entered into an agreement with NATIONAL to settle in full the account or alleged debt referenced in Paragraph 9 of this Complaint for the sum of $663.20.  On or around January 24, 2007 and pursuant to this agreement, NATIONAL electronically withdrew or caused to be electronically withdrawn from Plaintiff's account the sum of $663.20.

12.  On or around February 4, 2007, Plaintiff received a statement regarding her HSBC credit card account reflecting the payment of $663.20, however, this statement reflected a balance due in the amount of $177.98.  Plaintiff notified NATIONAL that, instead of settling the HSBC credit card account in full as she and NATIONAL had agreed upon, her payment was intentionally, negligently or erroneously applied to the balance due.

13.  On or around May, 2007, Plaintiff received a letter from NATIONAL dated May 1, 2007, in

which NATIONAL indicated that Plaintiff's credit card account with HSBC had been settled in full with no outstanding balance. In addition, this letter indicated that NATIONAL was in the process of notifying HSBC to make the appropriate internal accounting adjustments to reflect that Plaintiff's credit card account had been settled.

14. Notwithstanding the allegations in Paragraph 13 of this Complaint, Plaintiff received a letter from UNIVERSAL dated September 13, 2007 in which UNIVERSAL, on behalf of HSBC, was attempting to collect the sum of $388.24 on Plaintiff's credit card account with HSBC.

15. On or around September 18, 2007, and pursuant to 15 U.S.C. § 1692 *et seq.*, Plaintiff sent to UNIVERSAL a letter both disputing the alleged debt with HSBC and indicating that her credit card account with HSBC had been settled on January 31, 2007. In addition, Plaintiff included therewith a copy of NATIONAL'S letter indicating such.

16. On or around September 26, 2007, Plaintiff, through her attorney, mailed and faxed to UNIVERSAL a "cease and desist" letter advising UNIVERSAL to refrain from contacting Plaintiff and to forward any future communication regarding this account to her attorney.

17. Subsequent to and in violation of the letter mentioned in the foregoing paragraph, UNIVERSAL contacted or attempted to contact Plaintiff regarding this alleged debt via telephone on at least four separate occasions.

18. Defendants moved forward with collection activity on the alleged debt despite the failure of both the original creditor, HSBC, and the debt collectors, NATIONAL and UNIVERSAL, to verify and validate the debt after a dispute had been sent.

19. Defendants' actions, omissions, misrepresentations, and violations of the FDCPA regarding Plaintiff's alleged debt as described herein have constituted harassment which has resulted in the

negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

20. The harassing conduct of Defendants in an effort to collect the alleged debt constitutes violations of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692c(c), 1692d, 1692e(1), 1692d(2), 1692d(5), 1692e, 1692f, 1692i, and 1692j, amongst others, as well as an invasion of her privacy by an intrusion upon Plaintiff's seclusion.

## VI.  COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

21. Plaintiff restates and reiterates herein all previous paragraphs.

22. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.  More specifically, the following actions of Defendants violated the FDCPA:

    a) Contacting Plaintiff after she requested that they cease and desist contacting her;

    b) Contacting Plaintiff after she notified them that she was represented by an attorney;

    c) Contacting Plaintiff in a harassing manner and using harassing techniques in an attempt to collect the alleged debt;

    d) attempting to collect a debt which is not legally owed;

    e) taking illegal actions against Plaintiff;

    f)    continuing to contact Plaintiff on this invalid debt;

    g)    failing to provide validation of the debt; and

    h)    reporting the invalid debt on Plaintiff's credit report.

23. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard of the rights of Plaintiff.

24. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

25. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

## VII.  COUNT TWO
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3 *et seq.*

26. Plaintiff restates and reiterates herein all previous paragraphs.

27. The conduct described herein has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

28. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3 *et seq.* and in the course of business that is prohibited, unfair, and deceptive.

29. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collecting business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

30. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

31. Defendants' unfair and deceptive acts have proximately caused emotional and actual damaged and Defendants are liable to Plaintiff for such injury.

## VIII.  COUNT THREE
## NEGLIGENCE

32. Plaintiff restates and reiterates herein all previous paragraphs.

33. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

34. Defendants' negligent acts were purposeful to illegally coerce Plaintiff into paying the alleged debt.

35. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

36. As a result of the Defendants' unlawful acts, Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## IX.  COUNT FOUR
## HARASSMENT

37. Plaintiff restates and reiterates herein all previous paragraphs.

38. Defendants' acts, as described herein, were done so negligently and without care or concern

for Plaintiff's well being.  Defendants' harassing collection tactics created a hostile environment for Plaintiff.

39. Defendants' wrongfully exploited Plaintiff in an attempt to coerce her into paying the alleged debt.

40. Defendants' communications to Plaintiff were offensive and harassing.

41. As a proximate consequence of Defendants' harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## X.  COUNT FIVE
## INVASION OF PRIVACY

42. Plaintiff restates and reiterates herein all previous paragraphs.

43. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

44. As a direct and proximate consequence of Defendants' acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## XI.  DECLARATORY AND INJUNCTIVE RELIEF

45. Plaintiff restates and reiterates herein all previous paragraphs.

46. There exists a dispute over whether Defendants have violated the FDCPA and Alabama Deceptive Trade Practices Act.

47. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA and Alabama Deceptive Trade Practices Act, Ala. Code 1975 §

8-19-3 *et seq.* and Plaintiff is similarly entitled to an order enjoining said acts.

48. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

49. Defendants' actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## XII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff state and federal statutory damages;

e) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY submitted this the 25th day of February, 2008.

/s/ Andy Nelms
K. ANDERSON NELMS
847 So. McDonough Street, Ste 100
Montgomery, AL 36104
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@andersonnelms.com
ASB-6972-E63K
Counsel for Plaintiff

Anderson Nelms & Associates, LLC
847 S. McDonough Street, Suite 100
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

**THE DEFENDANT(S) MAY BE SERVED AT THE FOLLOWING ADDRESS:**

Universal Fidelity LP
c/o The Corporation Company
2000 Interstate Park Drive Suite 204
Montgomery, Alabama 36109

National Asset Recovery, Inc.
c/o Lexis Document Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

HSBC Bank Nevada, N.A.
Charter Number 22675
1111 North Town Center Drive
Las Vegas, NV 89144