IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ALLISON COLLIER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CASE NO: 07-00922 |
| | ) | |
| UNIVERSAL FIDELITY, LP, ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## ANSWER TO AMENDED COMPLAINT

COMES NOW the defendant, National Asset Recovery, Inc., and Answers the Amended Complaint in this matter as follows:

### PRELIMINARY STATEMENT

1. To the extent this averment requires a response, the defendant denies any violation of the Fair Debt Collection Practices Act and denies the plaintiff is entitled to the damages sought. The defendant further states that the plaintiff has failed to state a claim or cause of action under the Alabama Deceptive Trade Practices Act.

### JURISDICTION AND VENUE

2. Denied.

3. Denied.

### PARTIES

4. Denied.

5. The defendant has insufficient information to admit or deny this averment.

6. The defendant has insufficient information to admit or deny this averment.

{W0200284.1 }

7. The defendant admits it is a debt collector as defined by the FDCPA, and further admits it engaged in the business of collecting debts within the state of Alabama.

## FACTUAL ALLEGATIONS

8. The defendant reincorporates its previous responses as if fully set out herein.

9. The defendant admits the plaintiff incurred a financial obligation ultimately owned by or owed to HSBC. The defendant denies the remainder of the averment.

10. Denied as phrased. The defendant admits it was retained to collect the debt in question from the plaintiff.

11. Admitted, only the defendant denies it received funds on January 24, 2007.

12. The defendant admits receiving notice from the plaintiff that she was receiving calls from the original creditor. The remainder of this averment is denied.

13. The defendant admits the plaintiff received a requested correspondence regarding the settlement. The defendant pleads the correspondence itself is the best evidence of its contents.

14. The defendant has insufficient information to admit or deny this averment.

15. The defendant has insufficient information to admit or deny this averment.

16. The defendant has insufficient information to admit or deny this averment.

17. The defendant has insufficient information to admit or deny this averment.

18. Denied.

19. Denied.

20. Denied.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. The defendant reincorporates its previous answers as if fully set out herein.

22. The defendant admits attempting to collect the debt owed by the plaintiff, but denies any violation of the FDCPA, including those stated in sub-parts (a)-(h).

23. Denied.

24. Denied.

25. Denied.

## COUNT TWO
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADES PRACTICES ACT

26. The defendant reincorporates its previous answers as if fully set out herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## COUNT THREE
## NEGLIGENCE

32. The defendant reincorporates its previous answers as if fully set out herein.

33. Denied.

34. Denied.

{W0200284.1 }

35. Denied.

36. Denied.

## COUNT FOUR
## HARASSMENT

37. The defendant reincorporates its previous answers as if fully set out herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT FIVE
## INVASION OF PRIVACY

42. The defendant reincorporates its previous answers as if fully set out herein.

43. Denied.

44. Denied.

## DECLARATORY AND INJUNCTIVE RELIEF

45. The defendant reincorporates its previous answers as if fully set out herein.

46. The defendant denies any violation of the FDCPA and denies the plaintiff has stated a claim or cause of action under the Alabama Deceptive Trade Practices Act.

47. Denied.

48. Denied.

49. Denied.

{W0200284.1 }

## PRAYER FOR RELIEF

As to the unnumbered paragraph following Paragraph 49, the defendant denies the plaintiff is entitled to the relief requested, including those listed in sub-parts (a) – (g).

## AFFIRMATIVE DEFENSES

1. The defendant pleads not guilty.

2. The defendant pleads the general issue.

3. The defendant pleads that the Complaint fails to state a claim or cause of action upon which relief can be granted.

4. The defendant pleads the plaintiff has failed to state a claim or cause of action pursuant to the Alabama Deceptive Trade Practices Act.

5. The defendant pleads the applicable statute of limitations.

6. The defendant pleads the bona fide error defense pursuant to the Fair Debt Collection Practices Act.

7. The defendant pleads the defense of lack of causal relation between its conduct and the damages alleged.

8. The defendant denies injunctive relief is available.

9. The defendant pleads conditional privilege.

10. The defendant pleads qualified privilege.

11. The defendant pleads, to avoid waiver, contributory negligence and the failure to mitigate damages.

12. An award of punitive damages will violate the defendant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and defendant's rights under Article I, Sections 6 and 13 of the Constitution

of Alabama of 1901, because under Alabama law (a) the standard for an award of punitive damages is so vague and indefinite that it does not give defendants adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damage awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation, the residence, wealth, and/or corporate status of the defendants; (e) defendants may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity.

        13.     The defendant reserves the right to assert additional affirmative defenses as the investigation into this matter progresses.

        Respectfully Submitted,

        /s/ Neal D. Moore, III
        Neal D. Moore, III,
        *Attorney for Defendant,*
        *National Asset Recovery, Inc.*

OF COUNSEL:

FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722

**CERTIFICATE OF SERVICE**

      This is to certify that on this the 7th day of April, 2008, a copy of the foregoing document has been electronically filed and served on counsel electronically via e-file:

Keith Anderson Nelms
847 South McDonough Street, Suite 100
Montgomery, Alabama  36104

VIA U.S. Mail:

Universal Fidelity LP
C/O:  The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

HSBC Bank Nevada, N.A.
Charter Number 22675
1111 North Town Center Drive
Las Vegas, Nevada  89144

        /s/ Neal D. Moore, III
        OF COUNSEL

{W0200284.1 }