### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **ALLISON COLLIER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO.** |
| | )   **2:07-cv-00922-MHT-CSC** |
| **UNIVERSAL FIDELITY LP, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER TO AMENDED COMPLAINT

**COMES NOW** defendant HSBC Bank Nevada, N.A. ("HSBC"), specifically reserving its right to seek arbitration of plaintiff's claims pursuant to 9 U.S.C. § 1, *et seq.*, by and through its undersigned counsel, and for its answer to plaintiff Allison Collier's ("Plaintiff") Amended Complaint, states as follows:

## II.  PRELIMINARY STATEMENT

1. To the extent this averment requires a response, HSBC denies any violation of the Fair Debt Collection Practices Act or the Alabama Deceptive Trade Practices Act.  HSBC further denies that Plaintiff has failed to state any claims against HSBC or is otherwise entitled to the relief sought.

## III.  JURISDICTION AND VENUE

2. HSBC denies the allegations in Paragraph 2 of Plaintiff's Amended Complaint and demands strict proof thereof.

1670145 v1

3.    HSBC denies the allegations in Paragraph 3 of Plaintiff's Amended Complaint and demands strict proof thereof.

## IV.  PARTIES

4.    HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

5.    HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

6.    HSBC admits that it is a federally chartered national banking association conducting business in the State of Alabama.  Except as specifically admitted herein, HSBC denies the allegations in Paragraph 6 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

7.    HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

## V.  FACTUAL ALLEGATIONS

8.    HSBC reincorporates its previous responses as if fully set out herein.

9.     HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

10.     HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

11.     HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

12.     HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

13.     HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

14.     HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

15.    HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

16.    HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

17.    HSBC is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of Plaintiff's Amended Complaint and, therefore, denies the same and demands strict proof thereof.

18.    HSBC denies the allegations in Paragraph 18 of Plaintiff's Amended Complaint and demands strict proof thereof.

19.    HSBC denies the allegations in Paragraph 19 of Plaintiff's Amended Complaint and demands strict proof thereof.

20.    HSBC denies the allegations in Paragraph 20 of Plaintiff's Amended Complaint and demands strict proof thereof.

## VI.  COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21.    HSBC reincorporates its previous responses as if fully set out herein.

22.    HSBC denies the allegations in Paragraph 22 of Plaintiff's Amended Complaint, including all subparts, and demands strict proof thereof.

23.    HSBC denies the allegations in Paragraph 23 of Plaintiff's Amended Complaint and demands strict proof thereof.

24.    HSBC denies the allegations in Paragraph 24 of Plaintiff's Amended Complaint and demands strict proof thereof.

25.    HSBC denies the allegations in Paragraph 25 of Plaintiff's Amended Complaint and demands strict proof thereof.  HSBC further denies that Plaintiff is entitled to any judgment, damages, attorney's fees or other relief whatsoever and demands strict proof thereof.

## VII.  COUNT TWO
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT

26.    HSBC reincorporates its previous responses as if fully set out herein.

27.    HSBC denies the allegations in Paragraph 27 of Plaintiff's Amended Complaint and demands strict proof thereof.

28.    HSBC denies the allegations in Paragraph 28 of Plaintiff's Amended Complaint and demands strict proof thereof.

29.    HSBC denies the allegations in Paragraph 29 of Plaintiff's Amended Complaint and demands strict proof thereof.

30.    HSBC denies the allegations in Paragraph 30 of Plaintiff's Amended Complaint and demands strict proof thereof.

31.    HSBC denies the allegations in Paragraph 31 of Plaintiff's Amended Complaint and demands strict proof thereof.  HSBC further denies that Plaintiff is entitled to any judgment, damages or other relief whatsoever and demands strict proof thereof.

### VIII.  COUNT THREE
### NEGLIGENCE

32.    HSBC reincorporates its previous responses as if fully set out herein.

33.    HSBC denies the allegations in Paragraph 33 of Plaintiff's Amended Complaint and demands strict proof thereof.

34.    HSBC denies the allegations in Paragraph 34 of Plaintiff's Amended Complaint and demands strict proof thereof.

35.    HSBC denies the allegations in Paragraph 35 of Plaintiff's Amended Complaint and demands strict proof thereof.

36.    HSBC denies the allegations in Paragraph 36 of Plaintiff's Amended Complaint and demands strict proof thereof.  HSBC further denies that Plaintiff is entitled to any judgment, damages, attorney's fees or other relief whatsoever and demands strict proof thereof.

### IX.  COUNT FOUR
### HARASSMENT

37.    HSBC reincorporates its previous responses as if fully set out herein.

38.    HSBC denies the allegations in Paragraph 38 of Plaintiff's Amended Complaint and demands strict proof thereof.

39.    HSBC denies the allegations in Paragraph 39 of Plaintiff's Amended Complaint and demands strict proof thereof.

40.    HSBC denies the allegations in Paragraph 40 of Plaintiff's Amended Complaint and demands strict proof thereof.

41.    HSBC denies the allegations in Paragraph 41 of Plaintiff's Amended Complaint and demands strict proof thereof.  HSBC further denies that Plaintiff is entitled to any judgment, damages or other relief whatsoever and demands strict proof thereof.

## X.  COUNT FIVE
## INVASION OF PRIVACY

42.    HSBC reincorporates its previous responses as if fully set out herein.

43.    HSBC denies the allegations in Paragraph 43 of Plaintiff's Amended Complaint and demands strict proof thereof.

44.    HSBC denies the allegations in Paragraph 44 of Plaintiff's Amended Complaint and demands strict proof thereof.  HSBC further denies that Plaintiff is entitled to any judgment, damages or other relief whatsoever and demands strict proof thereof.

## XI.  DECLARATORY AND INJUNCTIVE RELIEF

45.    HSBC reincorporates its previous responses as if fully set out herein.

46.    HSBC denies the allegations in Paragraph 46 of Plaintiff's Amended Complaint and demands strict proof thereof.

47.    HSBC denies the allegations in Paragraph 47 of Plaintiff's Amended Complaint and demands strict proof thereof.

48.    HSBC denies the allegations in Paragraph 48 of Plaintiff's Amended Complaint and demands strict proof thereof.

49.    HSBC denies the allegations in Paragraph 49 of Plaintiff's Amended Complaint and demands strict proof thereof.  HSBC further denies that Plaintiff is entitled to any judgment or other relief whatsoever and demands strict proof thereof.

## XII.  PRAYER FOR RELIEF

As to the unnumbered paragraph following Paragraph 49, HSBC denies that Plaintiff is entitled to the relief requested, including those listed in sub-parts (a) - (g).

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims against HSBC are subject to arbitration.

### SECOND DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Venue is improper.

### FOURTH DEFENSE

Plaintiff's claims against HSBC are barred by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims against HSBC are barred by the doctrine of unclean hands.

### SIXTH DEFENSE

Plaintiff's claims against HSBC are barred by the doctrine of estoppel.

### SEVENTH DEFENSE

Plaintiff's claims against HSBC are barred by the doctrine of acquiescence.

### EIGHTH DEFENSE

Plaintiff's claims against HSBC are barred by the doctrine of consent.

### NINTH DEFENSE

Plaintiff's claims against HSBC are barred by the doctrine of waiver.

## TENTH DEFENSE

HSBC pleads justification.

## ELEVENTH DEFENSE

HSBC pleads immunity.

## TWELFTH DEFENSE

HSBC pleads privilege.

## THIRTEENTH DEFENSE

Plaintiff lacks standing.

## FOURTEENTH DEFENSE

Plaintiff's claims against HSBC are barred by accord and satisfaction.

## FIFTEENTH DEFENSE

Plaintiff's claims against HSBC are barred by the merger doctrine.

## SIXTEENTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts of third parties over which HSBC had no responsibility or control and for which HSBC may not be held liable.

## SEVENTEENTH DEFENSE

HSBC pleads spoliation of evidence.

## EIGHTEENTH DEFENSE.

HSBC affirmatively invokes and asserts all defenses created by and under the Fair Debt Collection Practices Act, including the bona fide error defense.

### NINETEENTH DEFENSE

HSBC is not included within the definition of "debt collector" as defined in 15 U.S.C. § 1692a(6).

### TWENTIETH DEFENSE

HSBC affirmatively invokes and asserts all defenses created by and under the Alabama Deceptive Trade Practices Act.

### TWENTY-FIRST DEFENSE

HSBC is exempt under the Alabama Deceptive Trade Practices Act because it is a national bank.

### TWENTY-SECOND DEFENSE

Plaintiff's claims for alleged violations of the Alabama Deceptive Trade Practices Act are barred because said statute is limited to "goods" and "services" and does not reach credit card debt. *See* Ala. Code §8-19-1.

### TWENTY-THIRD DEFENSE

Plaintiff's claims for alleged violations of the Alabama Deceptive Trade Practices Act are barred because said act requires that a 15-day written demand prior to filing a judicial action under the act and Plaintiff failed to make the requisite prior demand.

### TWENTY-FOURTH DEFENSE

Plaintiff has failed to mitigate her damages.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims, including her demand for damages, are preempted by the Fair Credit Reporting Act and the National Banking Act.

## TWENTY-SIXTH DEFENSE

HSBC pleads that Plaintiff is guilty of contributory negligence.

## TWENTY-SEVENTH DEFENSE

HSBC pleads that the injuries and damages complained of were caused by Plaintiff's own conduct.

## TWENTY-EIGHTH DEFENSE

HSBC pleads the defense of lack of causal relation between its conduct and the damages alleged.

## TWENTY-NINTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against any defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section VI of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

## THIRTIETH DEFENSE

There is no basis in law for Plaintiff's claim for attorney's fees in the Amended Complaint.

## THIRTY-FIRST DEFENSE

There is no basis in law for Plaintiff's claim for injunctive relief in the Amended Complaint.

## THIRTY-SECOND DEFENSE

There is no basis in fact or in law for Plaintiff's claim for punitive damages in the Amended Complaint.

## THIRTY-THIRD DEFENSE

HSBC avers that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

## THIRTY-FOURTH DEFENSE

HSBC denies that it has been guilty of any conduct which entitles Plaintiff to recover punitive damages.

## THIRTY-FIFTH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to *ALA. CODE* § 6-11-20.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount

of punitive damages, violate the Constitution and/or the common law or the public policies of the United States on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon Plaintiff satisfying a burden of proof which is less than the beyond a reasonable doubt standard required in criminal cases.

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates HSBC's rights to due process guaranteed by the United States Constitution.

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and HSBC's due process rights.

(e)    Plaintiff's claim for punitive damages against HSBC cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate HSBC's due process and equal protection rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of HSBC's due process rights.

(g)    Plaintiff's claims for punitive damages against HSBC cannot be sustained because any award of punitive damages under Alabama law would violate HSBC's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of moral discretion without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

(h)    Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of

punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive HSBC of due process of law.

(i)     Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause HSBC to be treated differently from other similarly situated persons/entities by subjecting HSBC to liability beyond the actual loss, if any, caused by HSBC's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(j)     Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject HSBC to punishment for the conduct of others through vicarious liability, respondent superior, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of HSBC's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(k)     Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose HSBC to the risk of indefinable, unlimited liability unrelated to the actual loss caused by HSBC's conduct, creating a chilling effect on HSBC's exercise of its right to a judicial resolution of this dispute.

(l)     Plaintiff is not entitled to recover punitive damages because it violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against HSBC punitive damages, which are penal in nature, yet compel HSBC to disclose potentially incriminating documents and evidence.

(m)    An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(n)    The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(o)    The procedures pursuant to which punitive damages are awarded subject HSBC to punishment under a law not fully established before the alleged offense.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(a)    It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant, upon Plaintiff satisfying a burden of proof less than the beyond a reasonable doubt standard required in criminal cases.

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant in violation of HSBC's due process rights guaranteed by the Alabama Constitution.

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive HSBC of due process of law in violation of the Alabama Constitution.

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive HSBC of due process of law in violation of the Alabama Constitution.

(e)     An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(f)     The procedures pursuant to which punitive damages are awarded cause HSBC to be treated differently from other similarly situated persons/entities by subjecting HSBC to liability beyond the actual loss, if any, caused by HSBC's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)     The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies HSBC its right of equal protection and due process.

(h)    The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of HSBC's due process rights.

(i)    The procedures pursuant to which punitive damages are awarded subject HSBC to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

(j)    It is a violation of the Alabama Constitution to impose punitive damages against HSBC, which are penal in nature, yet compel HSBC to disclose potentially incriminating documents and evidence.

(k)    The procedures pursuant to which punitive damages are awarded subject HSBC to punishment for the conduct of others through vicarious liability, *respondeat superior*, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of HSBC's due process rights and Article I, § § 1, 6, 13 and 22 of the Alabama Constitution.

(l)    The procedures pursuant to which punitive damages are awarded expose HSBC to the risk of indefinable, unlimited liability unrelated to the actual loss caused by HSBC's conduct, creating a chilling effect on HSBC's exercise of its right to a judicial resolution of this dispute.

(m)    The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(n)    Plaintiff's claim for punitive damages against HSBC cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate HSBC's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(o)    Plaintiff's claims for punitive damages against HSBC cannot be sustained because any award of punitive damages under Alabama law would violate HSBC's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of moral discretion without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

### THIRTY-EIGHTH DEFENSE

An award of punitive damages will violate HSBC's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and HSBC's rights under Article I, § § 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give HSBC adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of HSBC; (e) HSBC may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and

arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

### THIRTY-NINTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of HSBC's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § § 1, 6, 13, and 22 of the Alabama Constitution.

### FORTIETH DEFENSE

The claims of Plaintiff for punitive damages against HSBC cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate HSBC's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## FORTY-FIRST DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claims of Plaintiff for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal HSBC, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate HSBC's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § § 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless HSBC is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by it for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## FORTY-SECOND DEFENSE

The claims of Plaintiff for punitive damages against HSBC cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate HSBC's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## FORTY-THIRD DEFENSE

The claims of Plaintiff for punitive damages against HSBC cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## FORTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW v. Gore,* 116 S.Ct. 1589 (1996).

## FORTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court, in *BMW v. Gore,* 116 S.Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate HSBC's rights provided by the United States Constitution.

## FORTY-SIXTH DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore,* 116 S. Ct. 1589 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that HSBC will more fully comply with this state's laws in the future.

## FORTY-SEVENTH DEFENSE

Any claim for punitive damages against HSBC cannot be sustained, because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate HSBC's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, sections 1, 6, 13, and 22 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## FORTY-EIGHTH DEFENSE

Plaintiff is not entitled to recover punitive damages in excess of $250,000.00 pursuant to Alabama Code § 6-11-21 (1975). See Oliver v. Towns, No. 1970312, 1999 WL 14675, *7 n.7 (Ala. Jan. 15, 1999) (remanding for consideration of whether $250,000.00 cap established by legislature applied and questioning whether Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993) remains good law).

## FORTY-NINTH DEFENSE

HSBC adopts and incorporates the standards with respect to punitive damages set forth in Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001).

## FIFTIETH DEFENSE

HSBC reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Amended Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

s/John R. Chiles
John R. Chiles (CHI006)
R. Frank Springfield (SPR024)

Attorneys for Defendant
HSBC BANK NEVADA, N.A.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: jchiles@burr.com
        fspringf@burr.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 4th day of June, 2008:

Keith Anderson Nelms
Anderson Nelms & Associates, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama  36104
EMAIL:  andynelms@andersonnelms.com

Neil Dewitt Moore, III
Ferguson Frost & Dodson, LLP
2500 Acton Road
Suite 200
Birmingham, AL  35243
EMAIL:  ndm@ffdlaw.com


s/John R. Chiles
Of Counsel